# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JOSHUA HARDIN,**
**D.O.C. # N28219,**

      **Plaintiff,**

**vs.**                                    **Case No.  4:19cv223-WS/CAS**

**FLORIDA DEPARTMENT OF**
**CORRECTIONS,**

      **Defendant.**
**_____/**

## REPORT AND RECOMMENDATION

In early May, 2019, the pro se Plaintiff submitted a hand written document to the United States District Court for the Middle District of Florida.  ECF No. 1.  The document was construed as a civil rights complaint, the Department of Corrections was notified of Plaintiff's allegations of physical injury, ECF No. 2, and a short time later, the case was transferred to this Court "because the alleged events giving rise to the cause of action occurred at Madison Correctional Institution" which is within the jurisdiction of this Court.  ECF No. 3.

An Order was entered on June 3, 2019, explaining to Plaintiff that he must either pay the filing fee for this case or file an in forma pauperis motion if he desired to proceed.  ECF No. 6.  Plaintiff was given until July 2, 2019, to comply with that Order, or to file a notice of voluntary dismissal by the same deadline.  *Id.*  Plaintiff was also warned that if he did not comply, a recommendation would be made to dismiss this case.  *Id.*  As of this date, nothing further has been received from Plaintiff and it appears that Plaintiff has abandoned this litigation.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs."  Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."  Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc.,

556 F.3d 1232, 1240 (11th Cir. 2009).  Because Plaintiff has failed to

prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for

failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 16, 2019.


S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**